HUGHES v. UNITED STATES.

(Circuit Court, D. Washington, E. D. April 19, 1898.)

1. LOCAL LAND OFFICE—REIMBURSEMENT FOR OFFICE RENT—SUIT AGAINST THE UNITED STATES.

Where the receipts of a land office were in excess of the maximum allowed by law for compensation of the register and receiver and all expenses of the office, but, because of insufficient appropriations for incidental expenses, the department refused to honor requisitions to pay office rent, the receiver may, by timely action against the government, recover the amount paid by him for office rent.

2. SAME—SUIT FOR OFFICE RENT PAID—LIMITATION.

Under 1 Supp. Rev. St. (2d Ed.) 559, providing that no suit against the government shall be allowed unless brought within six years after the right accrued, a receiver can only recover so much of a claim for rent of the land office as was paid by him within six years immediately before bringing suit therefor.

Feighan & Ludden, for plaintiff.

Wilson R. Gay, U. S. Atty.

HANFORD, District Judge. This is an action by Joseph H. Hughes, ex-receiver of the United States district land office for the district of Spokane, to recover money paid by him for rent of offices occupied and used by him and by the register during his term of office ending April 17, 1894. The fees earned during each year of said term were largely in excess of the maximum allowed by law for compensation of the register and receiver and all expenses of the office, but, on the ground of insufficiency of the appropriations to pay incidental expenses, the department refused to honor requisitions which were made from time to time to pay office rent. The facts bring the case fully within the rule of law in the case of U. S. v. Swiggett, 27 C. C. A. 465, 83 Fed. 97, except that in this case the claim includes money expended more than six years prior to the date of commencing the action. The act authorizing the bringing of suits against the government of the United States (1 Supp. Rev. St. [2d Ed.] 559) contains a proviso "that no suit against the government of the United States shall be allowed under this act unless the same shall have been brought within six years after the right accrued for which the claim is made." On this ground the court disallows the claim as to all money paid prior to August 1, 1891. Upon the authority of the decision of the circuit court of appeals for the Ninth circuit in the case above cited, a judgment will be entered in favor of the plaintiff for the sum of $917, that being the amount actually paid, within a period of six years prior to the date of commencing this suit, for office rent from the 1st day of August, 1891, to and including April 17, 1894. Said judgment will bear interest at the rate of 4 per cent. per annum from this date until paid, and the plaintiff is awarded the amount of costs taxable under the statute.